UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Application of

*Cheryl Ann Doran*

for an Order Pursuant to 28 U.S.C. § 1782 to
Conduct Discovery for Use in Foreign Proceedings

Case No. 26 Misc._____

# MEMORANDUM OF LAW IN SUPPORT OF EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS

KELLNER HERLIHY GETTY & FRIEDMAN LLP
470 Park Avenue South – 7th Floor
New York, NY 10016-6819
Telephone: 212-889-2121
Fax: 212-684-6224
tv@khgflaw.com
d.bogorodskiy@khgflaw.com
e.ebiefung@khgflaw.com

*Attorneys for Applicant Cheryl Ann Doran*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................ 1

ARGUMENT .................................................................................................................... 3

    I.    STANDARD FOR GRANTING RELIEF ............................................................ 4

    II.    APPLICANT MEETS SECTION 1782'S STATUTORY REQUIREMENTS ................ 5

        A.    All Respondents "Reside" or are "Found" in this District .......................................... 5

        B.    The Discovery Sought is "For Use" in Proceedings Before a Foreign Tribunal .......... 9

        C.    Applicant is an "Interested Person" ............................................................................ 11

    III.    APPLICANT MEETS THE *INTEL* DISCRETIONARY FACTORS ............................ 11

    IV.    APPLICANT SHOULD NOT BE REQUIRED TO GIVE NOTICE TO THE

RESPONDENTS AND PIERRE ....................................................................................... 14

CONCLUSION.................................................................................................................. 15

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Application of Esses*,
101 F.3d 873 (2d. Cir. 1996) ...............................................................................................12

*Brandi-Dohrn v. IKB Deutsche Industriebank AG*,
673 F.3d 76 (2d Cir. 2012) ...........................................................................................11,12,13

*Daimler AG v. Bauman*,
571 U.S. 117 (2014) .............................................................................................................5

*Ex Parte Shayakhmetova*,
No. 25-MC-260 (AS), 2025 WL 3754568 (S.D.N.Y. Dec. 29, 2025) .............................................6

*Gushlak v. Gushlak*,
486 F. App'x 215 (2d Cir. 2012) ...........................................................................................14

*In re 1887370 Ontario Inc.*,
No. 1:25-mc-00384 (S.D.N.Y. Sep.19, 2025). ..........................................................................9

*In re Accent Delight Int'l Ltd.*,
869 F.3d 121 (2d Cir. 2017) ................................................................................................9

*In re Application of Mammoet Salvage, B.V.*,
No. 23-MC-00073 (LJL), 2025 WL 3009507 (S.D.N.Y. Oct. 28, 2025).......................................7

*In re del Valle Ruiz*,
939 F.3d 520 (2d Cir. 2019) .........................................................................................4,5,6,11

*In re Edelman*,
295 F.3d 171 (2d Cir. 2002) ..............................................................................................5,6

*In re Golden Meditech Holdings Ltd.*,
No. 24 MISC. 24 (DEH), 2024 WL 1349135 (S.D.N.Y. Mar. 29, 2024) .......................................6

*In re Golden Meditech Holdings Ltd.*,
No. 24 MISC. 24 (DEH), 2024 WL 5247285 (S.D.N.Y. Dec. 30, 2024) .......................................6

*In re Hornbeam Corp.*,
No. 14MISC424PART1, 2015 WL 13647606 (S.D.N.Y. Sept. 17, 2015) ....................................11

*In re Hornbeam Corp.*,
722 F. App'x 7, (2d Cir. 2018) ............................................................................................14

*In re Kipperband,*
No. 1:24-mc-239 (AKH), at *2 (S.D.N.Y. Sep. 25, 2024)............................................................10

*In re Kipperband,*
24-2627, 2025 WL 1418706 (2d. Cir. May 16, 2025) ...............................................................9,13

*In re Litasco SA,*
No. 23-MC-354 (AS), 2023 WL 8700957 (S.D.N.Y. Dec. 15, 2023) .............................................6

*In re Mariani,*
No. 20MISC152JGKGWG, 2020 WL 1887855 (S.D.N.Y. Apr. 16, 2020) ..............................13,14

*In re Marinakis*,
No. 1:24-MC-485-JGK-HJR, 2025 WL 696769 (S.D.N.Y. Feb. 21, 2025), *report and
recommendation adopted*, No. 24-MC-485 (JGK) (HJR), 2025 WL 693147 (S.D.N.Y. Mar. 4,
2025) ....................................................................................................................................4,5,6

*In re Martinez,*
No. 24-MC-306 (RA) (SN), 2025 WL 2505471 (S.D.N.Y. Sept. 2, 2025),.....................................6

*In re Aso*,
No. 19 MC 190 (JGK) (JLC), 2019 WL 2345443 (S.D.N.Y. June 3, 2019).....................................9

*In re Reyes*,
No. 19 CIV. 7219, 2019 WL 6170901, (S.D.N.Y. 2019) ..............................................................14

*In re Vernon*,
No. 24 MISC. 185 (AT), 2024 WL 1932698 (S.D.N.Y. May 2, 2024)..........................................10

*In re W. Afr. Mineral Trading Ltd.*,
No. 24 Misc. 114 (DEH), 2024 WL 3862293 (S.D.N.Y. Aug. 19, 2024) .......................................6

*Intel Corp. v. Advanced Micro Devices, Inc.,*
542 U.S. 241 (2004)............................................................................................................ *passim*

*Mees v. Buiter,*
793 F.3d 291 (2d Cir. 2015) ..........................................................................................................9

*Sec. & Exch. Comm'n v. AT&T, Inc.,*
No. 21 CIV. 1951 (PAE), 2021 WL 4554060 (S.D.N.Y. Oct. 5, 2021)..........................................12

**Statutes and Rules**

28 U.S.C. § 1782................................................................................................................ *passim*

28 U.S.C. § 1782(a) ...........................................................................................................4,5,9,11,12

iii

Fed. R. Civ. P. 45.................................................................................................................14

Applicant *Cheryl Ann Doran* (hereafter "Applicant"), by and through her undersigned counsel, Kellner Herlihy Getty and Friedman, LLP, submits this memorandum of law in support of her *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings.

## PRELIMINARY STATEMENT

Applicant seeks an order pursuant 28 U.S.C. § 1782 authorizing discovery from 15 banks and The Clearing House Payments Company L.L.C., which reside or are found in this District and are in the business of providing banking services and processing wire transfers in New York City, for use in the pending divorce proceedings (the "Foreign Proceedings") before the Superior Court of Justice, Family Court, in Ontario, Canada (the "Canadian Court"), between Applicant as the applicant and her ex-husband Pierre Tourrilhes ("Pierre") as the respondent.[1]

Applicant seeks to obtain evidence relating to Pierre's financial position to assist with Canadian Court-ordered asset disclosure and advance her claims related to asset concealment under the laws of Canada.

## STATEMENT OF FACTS

### Background and the Foreign Proceedings

The relevant facts are set forth below and in the accompanying declaration of Valerie Akujobi (the "Akujobi Declaration").

Applicant is a Canadian citizen who was married to Pierre in Canada in 1995. The two separated in 2019. Akujobi Decl. ¶7.

---

[1] Unless otherwise indicated, capitalized terms or names not otherwise defined herein shall have the meaning ascribed to them in the accompanying declarations of Valerie Akujobi and Thomas Vandenabeele.

1

On February 11, 2020, Applicant initiated the Foreign Proceedings, which are currently pending before the Canadian Family Court. As part of the divorce procedure in Canada, each spouse must disclose the entirety of their assets worldwide in the Foreign Proceedings. *Id.* ¶8. In furtherance of this aim, on September 14, 2023, the Canadian Court issued an order (the "Foreign Order"), under the consent of the parties, for various banks in the United States, Canada, and France to furnish Applicant with account and related information concerning Pierre's holdings for use in the Foreign Proceeding. *Id.* ¶5.

Applicant, based on her knowledge during the marriage, further believes that Pierre has substantial assets outside of Canada, which have not been disclosed to the Canadian Court. To support Applicant's claims against Pierre in the Foreign Proceedings under Canadian law, Applicant needs relevant documents and information pursuant to the Foreign Order and, in addition to that, intermediary bank records of USD, which are maintained by entities that are found in this District. *Id.* ¶10.

### Nature of Relief Sought

Applicant seeks to obtain relevant and probative documentary evidence from 16 entities: (i) Citibank, N.A.; (ii) The Bank of New York Mellon; (iii) Société Générale, New York Branch; (iv) HSBC Bank USA, N.A.; (v) BNP Paribas USA; (vi) JPMorgan Chase Bank, N.A.; (vii) Barclays Bank PLC; (viii) Deutsche Bank Trust Co. Americas; (ix) UBS AG; (x) Bank of America, N.A.; (xi) Merrill Lynch; (xii) Standard Chartered Bank US; (xiii) Commerzbank AG, New York Branch; (xiv) Bank of China, New York Branch; (xv) Wells Fargo Bank, N.A. (collectively, the "Respondent Banks"); and (xvi) The Clearing House Payment Company L.L.C. (collectively, the "Respondents"). *Id.* ¶13.

*First*, in accordance with the Foreign Order, Applicant seeks account statements and other relevant documents from eight Respondents, namely: Citibank, N.A., The Bank of New York

Mellon; Société Générale, BNP Paribas, JPMorgan Chase Bank, UBS, Wells Fargo Bank, and Merrill Lynch. *Id.* ¶¶15,16. These documents should reveal:

(i)    any accounts or debts held by Pierre and any persons or entities associated with him, based on the Respondents' own know-your-customer (KYC) documents, as of September 28, 2019;

(ii)    the balance of any accounts held by Pierre and any persons or entities associated with him, based on the Respondents' own know-your-customer (KYC) documents, as of September 28, 2019, and as of the current date; and

(iii)    for any of Pierre's closed accounts, the names and bank account details of the recipients of all outgoing transfers and payments that were made within six years from the date when each account was closed.

*Second*, Applicant seeks evidence maintained by all Respondents, except for Merrill Lynch, regarding USD-denominated wire transfers involving Pierre and routed through the Respondents in New York City, which should reveal the complete picture of the movement of funds held by Pierre. *Id.* ¶18. Information about these transfers will significantly support Applicant's claims because it can reveal how Pierre concealed his financial assets and thus misled the Canadian Family Court and Applicant. *Id.*

## ARGUMENT

The Court should grant this *ex parte* Application because Applicant satisfies all the statutory prerequisites for a 28 U.S.C. § 1782 action, and the discretionary factors all favor granting this Application.

I.   **STANDARD FOR GRANTING RELIEF**

Section 1782 provides for "assistance in obtaining documentary and other tangible evidence as well as testimony." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 248 (2004). The statute provides that "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." *In re del Valle Ruiz*, 939 F.3d 520, 524 (2d Cir. 2019), quoting 28 U.S.C. § 1782(a).

Courts have distilled §1782's language into a two-part test consisting of a mandatory component and a discretionary component for granting relief.

*First*, to obtain §1782 discovery, an applicant must satisfy the following three statutory prerequisites:

(i)   the person from whom discovery is sought resides (or can be found) in the district of the district court to which the application is made;

(ii)  the discovery is for use in a proceeding before a foreign tribunal; and

(iii) the application is made by a foreign or international tribunal or by any interested person.

See *In re Marinakis,* 2025 WL 696769, at *2 (S.D.N.Y., Feb. 21, 2025), *report and recommendation adopted,* 2025 WL 693147 (S.D.N.Y. Mar. 4, 2025).

*Second*, "[t]o guide district courts in the decision to grant a Section 1782 petition, the Supreme Court in *Intel* discussed non-exclusive factors (the *'Intel* factors') to be considered in the exercise of this discretion:

(i)   whether "the person from whom discovery is sought is a participant in the foreign proceeding," in which event "the need for § 1782(a) aid generally is not as apparent

4

as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad;"

(ii)  "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court assistance;"

(iii)  "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and

(iv)  whether the request is "unduly intrusive or burdensome."

*See Intel*, 542 U.S. at 264-65.

## II.    APPLICANT MEETS SECTION 1782'S STATUTORY REQUIREMENTS

### A.  **All Respondents "Reside" or are "Found" in this District**

In Section 1782 proceedings, a district court has personal jurisdiction, *inter alia*, "when authorized by a federal statute," Fed. R. Civ. P. 4(k)(1)(C), and Section 1782 is a federal statute that confers personal jurisdiction over a person that "resides or is found" in the forum. The Second Circuit has reasoned that "§ 1782(a) supports a flexible reading of the phrase 'resides or is found'" and held that it "extends to the limits of personal jurisdiction consistent with due process." *In re del Valle Ruiz*, 939 F.3d 520, 524 (2d Cir. 2019).

Therefore, the analysis turns on whether the Respondents are subject to this Court's "specific or case-linked jurisdiction" and/or "general or all-purpose jurisdiction." *In re Marinakis*, No. 1:24-MC-485-JGK-HJR, 2025 WL 696769, at *2 (S.D.N.Y. Feb. 21, 2025), *report and recommendation adopted*, No. 24-MC-485 (JGK) (HJR), 2025 WL 693147 (S.D.N.Y. Mar. 4, 2025).

5

A district court has general jurisdiction over respondents that are incorporated or have their principal place of business within the forum, which is typically their headquarters, or where their "affiliations . . . are so continuous and systematic as to render it essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014). At the same time, the Second Circuit emphasized that Section 1782 discovery proceedings are "simply a discovery mechanism" that "does not subject a person to liability," which also supports a flexible reading of "resides or is found." *In re Edelman*, 295 F.3d 171, 179 (2d Cir. 2002).

Further, in the context of Section 1782 discovery proceedings, the Second Circuit has held that "where the discovery material sought proximately resulted from the respondent's forum contacts, that would be sufficient to establish specific jurisdiction for ordering discovery." *In re del Valle Ruiz*, 939 F.3d at 530. The Court has recently confirmed that "specific jurisdiction is all that is necessary in § 1782 applications." *In re Martinez*, No. 24-MC-306 (RA) (SN), 2025 WL 2505471, at *3 (S.D.N.Y. Sept. 2, 2025).

While in a limited number of § 1782 proceedings the Court extended the *Valle Ruiz* test to require a showing of a specific transaction involving an intermediary bank (respondent)[2], in the majority of cases, the Court did not follow this approach. *See* Vandenabeele Decl. ¶¶58-76. Moreover, in *In re Marinakis*, this Court has confirmed that where the evidence sought consists of "records of U.S.-denominated wire transfers" that were "routed" through the respondents' offices or branches in New York City, it satisfies the *Valle Ruiz* test "that the discovery material sought 'must proximately result from respondent's forum contacts.'" *In re Marinakis*, No. 1:24-MC-485-JGK-HJR, 2025 WL 696769, at *4 (S.D.N.Y. Feb. 21, 2025), *report and recommendation adopted*,

---

[2] *In re Litasco SA*, No. 23-MC-354 (AS), 2023 WL 8700957, at *1-2 (S.D.N.Y. Dec. 15, 2023); *Ex Parte Shayakhmetova*, No. 25-MC-260 (AS), 2025 WL 3754568, at *2 (S.D.N.Y. Dec. 29, 2025); *In re Golden Meditech Holdings Ltd.*, No. 24 MISC. 24 (DEH), 2024 WL 1349135, at *3 (S.D.N.Y. Mar. 29, 2024); *In re Golden Meditech Holdings Ltd.*, No. 24 MISC. 24 (DEH), 2024 WL 5247285, at *4 (S.D.N.Y. Dec. 30, 2024); and *In re W. Afr. Mineral Trading Ltd.*, No. 24 Misc. 114 (DEH), 2024 WL 3862293, at *3 (S.D.N.Y. Aug. 19, 2024).

No. 24-MC-485 (JGK) (HJR), 2025 WL 693147 (S.D.N.Y. Mar. 4, 2025). The Court has clarified that there is a sufficient nexus between the "provision of international banking services in this District" and the records of relevant wire transfers "conducted through Respondents' offices or branches within this District." *Id*.

In *In re Application of Mammoet Salvage, B.V.*, the Court has further clarified that "Petitioner need not identify any specific transactions between the Participating Foreign Correspondent Banks and TBI through their New York branches." *In re Application of Mammoet Salvage, B.V.*, No. 23-MC-00073 (LJL), 2025 WL 3009507, at *12 (S.D.N.Y. Oct. 28, 2025).

In another recent case, the Court has confirmed that "an applicant need not identify specific transactions through banks' New York branches," holding that "courts have found a sufficient basis for specific personal jurisdiction where the respondent banks "maintain offices in this District where they act as correspondent or intermediary banks for U.S. dollar-denominated wires transfers involving international banks." *In re Anadarko China Holdings 2 Co.*, No. 25-MC-241 (JHR) (HJR), 2025 WL 3481827, at *4 (S.D.N.Y. Dec. 1, 2025).

In this case, Applicant has demonstrated that the Court has personal jurisdiction over all 16 Respondents.

Respondent The Clearing House Payment Company L.L.C. ("The Clearing House") is headquartered in New York City and operates a major payments system, CHIPS. Therefore, the Court has general jurisdiction over it. Vandenabeele Decl. ¶¶24,26.

Respondents Citibank, N.A., The Bank of New York Mellon, JPMorgan Chase Bank, N.A., HSBC Bank USA, N.A., Merrill Lynch, and Deutsche Bank Trust Co. Americas maintain their headquarters in this District, which clearly subjects them to this Court's general jurisdiction. *Id.* ¶¶9,10,12,14,16,19. Respondents Société Générale, BNP Paribas USA, Barclays Bank, PLC, UBS AG, Bank of America, N.A., Standard Chartered Bank US, Commerzbank AG, New York Branch,

7

Bank of China, and Wells Fargo Bank, N.A. maintain their local headquarters or head offices in New York City and therefore they are "found" in this District. *Id*. ¶¶11,13,15, 17,18,20-23.

Further, the Respondents are subject to this Court's specific jurisdiction because they all process international USD transfers in New York City, and the records of such transfers "proximately result" from the Respondents' purposeful contacts with this District.

In particular, Applicant has demonstrated that the Respondents have records of U.S.-denominated wire transfers routed through New York City because of their direct and purposeful activities in this District based on the following:

(i) All Respondent Banks participate in the largest USD clearing systems in the world (CHIPS and Fedwire) in New York and process USD payments through their offices in New York City. *Id*. ¶27. Moreover, Respondents Bank of America, Barclays Bank, BNY Mellon, Citibank, Deutsche Bank, HSBC, JPMorgan Chase, and Wells Fargo are the owners of CHIPS. *Id*.

(ii) All Respondent Banks, through their offices in New York City, act as correspondent banks for USD payments for international banks. The Vandenabeele Declaration provides extensive details and records with respect to each Respondent's activities directed at this District, showing their role as major correspondent banks for USD transfers. *Id*. ¶¶32-44. For example, Bank of America and Wells Fargo specifically instruct their clients to route U.S.-dollar payments through the banks' offices in New York City. *Id*. ¶¶34,35.

(iii) Respondents Bank of America, Wells Fargo, HSBC Bank USA, BNY Mellon, JPMorgan Chase Bank, Citibank, BNP Paribas, UBS AG, Deutsche Bank, Bank of China, and Standard Chartered Bank act as correspondents for USD transfers for major

8

Canadian banks from which the Foreign Court has authorized Applicant to seek relevant bank records. *Id*. ¶¶45-55.

Therefore, all Respondents "reside" or are "found" in this District within the meaning of Section 1782.

**B. The Discovery Sought is "For Use" in Proceedings Before a Foreign Tribunal**

Section 1782 expressly provides that the courts must go on to consider whether "there is actually a foreign proceeding, and, if so, "whether [that] foreign proceeding is adjudicative in nature." The court must also consider whether the discovery sought may "be employed with some advantage or serve some use in the proceeding—not necessarily something without which the applicant could not prevail." *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 132 (2d Cir. 2017) (citing *Mees v. Buiter*, 793 F.3d 291 (2d Cir. 2015)). As the Second Circuit recently confirmed, "it is sufficient that the records are 'minimally relevant' to the subject-matter of the foreign litigation." *In re Kipperband,* 24-2627, 2025 WL 1418706 at *1 (2d. Cir. May 16, 2025).

Here, the Superior Court of Justice, Family Court, before which Applicant has commenced civil divorce proceedings against Pierre, clearly qualifies as a foreign tribunal under Section 1782(a). Besides, this Court has already granted similar Section 1782 applications seeking discovery in support of contemplated civil proceedings in Canada. For example, see *In re 1887370 Ontario Inc*. (S.D.N.Y. 2025) No. 1:25-mc-00384 (S.D.N.Y. [09/19/25]).

Further, the Foreign Proceedings are ongoing, currently at the asset distribution stage, with a trial scheduled for September 2026. This Court has granted similar Section 1782 applications seeking discovery in support of divorce proceedings. See *In re Aso*, No. 19 MC 190 (JGK) (JLC), 2019 WL 2345443, at *9 (S.D.N.Y. June 3, 2019) (Holding that in the context of an applicant seeking discovery for a pending appeal of a divorce in Japan, "the statutory requirements of § 1782

have been satisfied and that the discretionary factors weigh in favor of allowing [Applicant's] request for discovery).

Furthermore, Applicant seeks discovery "for use" in the Foreign Proceedings because information about the flow of assets, and the status of various bank accounts, debts, and investments directly speaks to the Foreign Order issued by the Canadian Court, as well as the Applicant's claims about asset concealment. As such, the discovery will serve multiple critical purposes.

*First*, the discovery sought should reveal the full extent and nature of Pierre's assets so that the Canadian Court can properly effectuate the division and distribution of assets in the Foreign Proceeding. Akujobi Decl. ¶6. Under Canadian law, this disclosure is mandatory, and knowing failure to disclose can result in penalization. *Id.* ¶12.

*Second*, the discovery will likely allow Applicant to identify additional assets and accounts, which would ultimately entitle Applicant to a more equitable split in the division of property. *Id*. ¶14. Thus, asset discovery is relevant to the merits of the Foreign Proceedings.

*Third*, the discovery sought is critical for Applicant to prove that Pierre is the person with the greater share, and thus, under Canadian law, he should owe a payment to Applicant, and not vice versa. *Id.* ¶¶11,14¶.

As such, the documents sought under the Foreign Order and the intermediary bank records will "be employed with some advantage or serve some use" in the Foreign Proceedings. This Court has repeatedly granted similar applications where petitioners, among other things, sought Section 1782 to determine the whereabouts of hidden funds. For example, in *In Re Kipperband.*, this Court authorized similar intermediary bank discovery to reveal financial assets that had to be distributed in probate proceedings in Argentina. *In re Kipperband*, No. 1:24-mc-239 (AKH), at *2 (S.D.N.Y. Sep. 25, 2024). See also *In re Vernon*, No. 24 MISC. 185 (AT), 2024 WL 1932698, at *2 (S.D.N.Y.

May 2, 2024) (granting discovery from respondents that "maintain offices and do business in this district" in support of ongoing divorce proceedings in Japan to determine 'what assets were held by' petitioner's ex-husband.").

Therefore, the discovery sought by Applicant is "for use" in the qualifying Foreign Proceedings.

### C. Applicant is an "Interested Person"

A person who has "participation rights" and "possesses a reasonable interest in obtaining judicial assistance … qualifies as an interested person within any fair construction of that term." *Intel*, 542 U.S. at 256-7 (2004) (internal citations omitted); see also *In re Hornbeam Corp.*, No. 14MISC424PART1, 2015 WL 13647606 (S.D.N.Y. Sept. 17, 2015).

Applicant qualifies as "an interested person" as the applicant in the Foreign Proceedings, and "litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke §1782." *Intel*, 542 U.S. at 256.

Therefore, Applicant meets all three statutory requirements under 28 U.S.C. § 1782(a).

### III.    APPLICANT MEETS THE *INTEL* DISCRETIONARY FACTORS

As noted above, once the District Court has determined that the mandatory requirements for relief under Section 1782 are met, the Court is free to grant discovery at its discretion. *In re del Valle Ruiz*, 939 F.3d at 527. Additionally, that discretion must be guided by Section 1782's twin aims of "providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, at 81 (2d Cir. 2012). Here, these discretionary factors weigh in favor of granting the requested relief.

11

The first *Intel* factor considers whether "the person from whom discovery is sought is a participant in the foreign proceeding." *Intel*, 542 U.S. at 264. Here, there is no expectation that any of the Respondents will be a party in the Foreign Proceedings. Akujobi Decl. ¶22. As such, this Application constitutes the only practical and timely method for obtaining the needed evidence for use there. *Id*. Indeed, absent the relief sought here, the evidence would almost certainly remain beyond the reach of the Canadian Court. *Id*. Thus, since the Respondents will likely not be parties to the Foreign Proceedings, the need for the evidence sought herein through the instant Application is more apparent, and this factor weighs in favor of granting recognition. *Intel*, 542 U.S. at 264 ("the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad.").

The second *Intel* factor assesses "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government, court, or agency to federal-court judicial assistance." *Intel,* 542 U.S. at 264. Only upon "authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782, should a district court refrain from granting the assistance offered by the act."*Application of Esses,* 101 F.3d 873, 876 (2d. Cir. 1996). Here, there is no indication that the Canadian Court would be unreceptive to any information uncovered through discovery. Akujobi Decl. ¶23. With the existence of the Foreign Order, the evidence overwhelmingly suggests that the Canadian Court not only would welcome evidence uncovered through discovery, but would proactively seek it. Furthermore, this Court has already opined on the matter when it declared, "Pursuant to 28 U.S.C. § 1782, this Court stands ready to extend similar assistance to the Courts of Canada in like cases." (*Sec. & Exch. Comm'n v. AT&T, Inc.*, No. 21 CIV. 1951 (PAE), 2021 WL 4554060, at *3 (S.D.N.Y. Oct. 5, 2021)

The third *Intel* factor looks at "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering limits or other policies of a foreign country or the United

12

States." *Intel*,  542 U.S. at 265. Here, the evidence sought through the instant Application does not circumvent any proof-gathering restrictions under Canadian Law. Akujobi Decl. ¶24. Even if the documents were not used as evidence in that proceeding, the Second Circuit has held that "Section 1782(a) contains no requirement that particular evidence be accessible in a foreign proceeding to be considered 'for use in a proceeding in a foreign or international tribunal.'" *Brandi-Dohrn*, 673 F.3d 76, 77.

*Fourth*, this Application is not unduly intrusive or burdensome because it is of limited scope. Akujobi Decl. ¶25. The proposed discovery requests to the Respondents, as formulated in the proposed subpoenas (Exhibits A and B to the Application), only seek two categories of information.

The first category of information is sought pursuant to the Foreign Order from 7 of the 15 Respondents. It seeks specific documents that Applicant needs obtain in order to (i) provide the Canadian Court with "a complete list of any accounts or debts held by the Respondent Husband, Pierre Tourrilhes, on September 28, 2019," (ii) confirm "the balance of Mr. Tourrilhes' accounts on September 28, 2019 and current," and (iii), for any closed account, reveal "where the money was transferred to." *Id*. ¶¶5,14-16.

The second category is bank records of USD-denominated wire transfers involving Pierre. The Respondents keep such records in the ordinary course of business in electronic format and routinely produce them without significant cost. Vandenabeele Decl. ¶45. Even though the time period for which Applicant seeks discovery is relatively broad (August 26, 1995, through the present), the temporal scope is justified because Pierre has been concealing his asset since the day the spouses got married, and information about wire transfers that were made before 2019 will be particularly relevant to Applicants' claims in Canada. Akujobi Decl. ¶18. Besides, the Foreign Court has authorized Applicant to seek information about Pierre's retirement benefits in Canada

13

as of August 26, 1995, which confirms that the discovery period is relevant to the Foreign Proceeding. *Id*. Applicant understands that some Respondents may not have relevant records for the entire period and therefore excepts the Respondents to produce only records that are still in the Respondents' possession, custody, or control. *Id*. ¶19.

Courts in this District have granted Section 1782 applications seeking similar asset discovery from the Respondents for more than ten years considering specific circumstances of each case. See *In re Kipperband,* No. 24-2627, 2025 WL 1418706 (2d Cir. May 16, 2025) (affirming the District Court's order approving subpoenas to 14 intermediary banks for over 20 years to reveal assets that should have been distributed in probate proceedings in Argentina). See also *In re Mariani*, No. 20MISC152JGKGWG, 2020 WL 1887855, at *2 (S.D.N.Y. Apr. 16, 2020) (authorizing discovery sought from Citibank in support of foreign divorce proceedings and holding that a request for "monthly statements, from January 1, 2012 through the present' for checking accounts under the control of petitioner's spouse" "appear[ed] to be "neither burdensome nor intrusive").

For the foregoing reasons, all discretionary *Intel* factors weigh in favor of granting the Application.

## IV.    APPLICANT SHOULD NOT BE REQUIRED TO GIVE NOTICE TO THE RESPONDENTS AND PIERRE

District Courts in the Second Circuit routinely grant Section 1782 applications on an *ex parte* basis and do not require petitioners to serve their opponents in the foreign proceedings, which is "neither uncommon nor improper." *Gushlak v. Gushlak,* 486 F. App'x 215, 217 (2d Cir. 2012); see also *In re Hornbeam Corp.*, 722 F. App'x 7, 10-11 (2d Cir. 2018). While Federal Rule of Civil Procedure 45 requires service of third-party subpoenas on parties to the underlying litigation and the Federal Rules of Civil Procedure govern subpoenas issued under 28 U.S.C. § 1782, it is within

the Court's authority to "order otherwise." *In re Hornbeam Corp.*, 722 F. App'x 7; see also *In re Reyes*, No. 19 CIV. 7219, 2019 WL 6170901, at *1 (S.D.N.Y. 2019).

Just as is in *In re Mariani,* the Respondents in this case "will have the opportunity to challenge petitioner's subpoena once served," and thus "it is appropriate to grant the petition <u>ex parte</u>." *In re Mariani,* No. 20MISC152JGKGWG, 2020 WL 1887855, at *2 (S.D.N.Y. Apr. 16, 2020). With respect to Pierre, there would be no prejudice to him, and due process will be respected because he will be able to object to the submission of the documents sought into evidence in the Foreign Proceedings.

Therefore, the lack of notice of the Application would not prejudice the Respondents and Pierre, and the Court should not require Applicant to give notice of this Application to them.

<b><u>CONCLUSION</u></b>

WHEREFORE, Applicant meets the statutory requirements under 28 U.S.C. § 1782 and *Intel* discretionary factors, this Application for an Order in the proposed, or substantially similar form as submitted with the Application, should be granted in its entirety.

Dated:  April 29, 2026
      New York, New York

Respectfully submitted,

_____
Thomas Vandenabeele

KELLNER HERLIHY GETTY & FRIEDMAN LLP
470 Park Avenue South – 7th Floor
New York, NY 10016-6819
Telephone: 212-889-2121
Fax: 212-684-6224
tv@khgflaw.com

*Attorneys for Applicant Cheryl Ann Doran*

15