UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Application of

*Cheryl Ann Doran*

for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings

Case No. 26 Misc. 195

### ORDER GRANTING APPLICATION FOR
### JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782

THIS CAUSE came before the Court upon the Application of Cheryl Ann Doran, as plaintiff in the pending foreign proceedings against Pierre Tourrilhes before the Superior Court of Justice, Family Court, in Ontario Canada (the "Foreign Proceedings"), for Judicial Assistance Pursuant to 28 U.S.C. § 1782. The Court, having considered the Section 1782 Application, the Memorandum of Law, the Declaration of Valerie Akujobi, and the Declaration of Thomas Vandenabeele and accompanying Exhibits, and otherwise being fully advised in the premises, finds as follows:

A.    Applicant has met the requirements under 28 U.S.C. § 1782 for granting the requested judicial assistance and relief.

B.    For purposes of the instant Application, the following financial institutions and corporate entities reside or are found in the Southern District of New York: (i) Citibank, N.A.; (ii) The Bank of New York Mellon; (iii) Société Générale, New York Branch; (iv) HSBC Bank USA, N.A.; (v) BNP Paribas USA; (vi) JPMorgan Chase Bank, N.A.; (vii) Barclays Bank PLC; (viii) Deutsche Bank Trust Co. Americas; (ix) UBS AG; (x) Bank of America, N.A.; (xi) Merrill Lynch, Pierce, Fenner, and Smith, Inc.; (xii) Standard Chartered Bank US; (xiii) Commerzbank AG, New York Branch; (xiv) Bank of China, New York Branch; (xv) Wells Fargo Bank, N.A.; and (xvi) The Clearing House Payment Company L.L.C (collectively the "Respondents").

C.      The discovery sought through this Application is for use in proceedings pending before a foreign tribunal.

D.      Applicant is an interested person within the meaning of the statute, in her capacity as the applicant in the Foreign Proceedings.

E.      The discretionary factors, as described by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.* (542 U.S. 241, 247 (2004)), weigh in favor of granting the requested assistance.

F.      More particularly: (1) the Respondents are not expected to become parties to the Foreign Proceedings, thus, the need for this discovery is more apparent; (2) there is no indication that the foreign tribunal would not be receptive to U.S. federal-court judicial assistance as requested in the Application; (3) the Application does not conceal an attempt to circumvent foreign proof-gathering restrictions; (4) the Application seeks discovery that is not unduly intrusive or burdensome as the Application requests evidence of the type normally produced by financial institutions or corporate entities as third parties or parties in litigation.

Accordingly, it is hereby **ORDERED** and **ADJUGED** as follows:

1.      The Application is **GRANTED**.

2.      Any Discovery taken pursuant to this Order will be governed by the Federal Rules of Civil Procedure.

3.      Applicant's request for leave to conduct discovery, specifically, leave to serve subpoenas in substantially similar form as the form attached to the Application and to take testimony, is **GRANTED**.

4.      Applicant's request to be appointed as the person with the power to administer any necessary oath and take testimony or a statement is **GRANTED**.

5.      Applicant may file a supplemental application to issue and serve additional follow-up subpoenas on the Respondents or third parties as may be necessary to obtain the documentary evidence for use in the Foreign Proceedings.

6.      Applicant shall serve this Order on Pierre Tourrilhes no later than fourteen (14) days from the date hereof and shall file proof of service on the docket.

7.      Nothing in this Order should be construed to prevent or otherwise foreclose Applicant from seeking modification of this Order or leave of Court to serve any additional subpoena on a person or entity.

8.      This Order is without prejudice to an application by Respondents and/or Pierre Tourrilhes to vacate or modify this Order or to quash the subpoenas issued pursuant to it.

IT IS ORDERED, this __5th__ day of __May__ , 2026.

LEWIS J. LIMAN
United States District Judge